■ EMBRAER FINANCE LTD., Appellant, v SERVICIOS AEREOS PROFESIONALES, S.A., Respondent. [866 NYS2d 67]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 21, 2008, which, to the extent appealed from, denied so much of plaintiff's motion as sought summary judgment on defendant's first counterclaim, unanimously reversed, on the law, with costs, that part of the motion granted and the first counterclaim dismissed.

The first counterclaim asserts breach of contract for defendant's purchase of an aircraft from plaintiff. Defendant claims plaintiff failed to convey to it certain items constituting part of the aircraft within the meaning of the sale agreement. However, upon delivery of the aircraft, defendant executed a certificate in which it "accept[ed] delivery of such aircraft and installed engines and propellers under the Aircraft Sale Agreement." The sale agreement states that the "Acceptance Certificate shall constitute conclusive evidence for all purposes . . . that the Aircraft is satisfactory to Buyer and meets the technical and physical conditions set forth in this Agreement." Thus, all items included in the agreement's definition of "Aircraft" were necessarily accepted by defendant, and this acceptance is conclusive as to the technical and physical condition of the delivered item. Insofar as defendant argues plaintiff failed to provide those items in the training and warranty agreement, that aspect of

the contract was the subject of defendant's second counterclaim, whose dismissal was granted, and defendant has not appealed. Thus, even assuming the first counterclaim was timely under CPLR 203 (d), defendant has failed to raise a triable issue of fact with regard to plaintiff's alleged breach of the sale agreement (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ. [*See* 2008 NY Slip Op 30479(U).]